IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WALTER ALLEN MOSLEY, III, PRO SE, | § | |
| TDCJ-CID # 931771, | § | |
| Previous TDCJ-ID #847081, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:03-CV-0249 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| NFN HOLLIGAN, | § | |
| NFN BULL, Sgt., | § | |
| NFN KELLY, CO, | § | |
| NFN HALL, CO, | § | |
| NFN BOLAND, CO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff WALTER ALLEN MOSLEY, III, proceeding pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendant and has been granted leave to proceed in forma pauperis. Plaintiff's claims against defendants TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION and Ms. HOLLIGAN were dismissed with prejudice as frivolous and for failure to state a claim on which relief can be granted by Order of Partial Dismissal issued February 27, 2004.

On January 20, 2004, the Assistant Attorney General had filed an original answer on behalf of defendant HOLLIGAN and advised the Court he was unable to identify a defendant BULL, and had found two or more employees named KELLY, HALL, and BOLAND.  He

requested the plaintiff be required to provide additional information to assist in identifying these defendants, such as the shift on which the defendant(s) worked or first names.

Plaintiff responded by filing a February 2, 2004 motion for service on the defendants, but did not provide any additional information to assist in identifying them. The motion was denied, and, on February 25, 2004, the Court ordered plaintiff to provide additional information to assist in identifying the remaining defendants. Plaintiff was informed that a failure to timely respond would be considered a failure to prosecute and could lead to dismissal of the instant cause.

In the ensuing nineteen months, no further pleadings of any sort have been filed by plaintiff; and it appears he has abandoned his claims and his request for relief.

Additionally, plaintiff, as a pro se in forma pauperis litigant, is entitled to service by the U.S. Marshal, Rule 4(c)(2)(B)(I), F.R.C.P.; but must remedy any defects which prevent effective service. *See, Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Rule 4(m), Federal Rules of Civil Procedure, provides, in part, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . ." or direct service.

More than nineteen months have elapsed since expiration of the deadline for providing additional information to assist in identifying the defendants, and no information has been provided by the plaintiff. There is no basis on which the Court can find good cause to extend the time for service.

For the reasons set forth above, plaintiff's claims against the remaining

defendants are DISMISSED WITHOUT PREJUDICE for failure to prosecute and pursuant to Rule 4(m), Federal Rules of Civil Procedure, for failure to provide information necessary to allow identification of and service on the remaining defendants.

IT IS SO ORDERED.

ENTERED THIS  20TH  DAY OF OCTOBER 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE